IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-01361-PAB

JOSEPH A. ELLSWORTH,

    Applicant,

v.

WARDEN DEBORAH DENHAM,

    Respondent.

## ORDER

    This matter is before the Court on the Motion to Dismiss for Lack of Jurisdiction [Docket No. 17] filed by respondent.

    On May 15, 2014, Mr. Ellsworth filed an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1], asserting that the United States Bureau of Prisons ("BOP") incorrectly calculated his sentence. Docket No. 1 at 9. At the time he filed his petition, applicant was in custody at Federal Correctional Institution – Englewood. *Id.* at 1. On August 15, 2014, respondent filed a Notice of Release from Custody [Docket No. 16]. Attached to the notice was a declaration from BOP Senior Attorney Kara Lundy, who states that applicant was released from custody on August 1, 2014. Docket No. 16-1 at 2, ¶ 3. On February 17, 2015, respondent filed the present motion, arguing that applicant's release from custody renders applicant's application moot and, as a result, that the Court lacks subject matter jurisdiction over this action. Docket No. 17 at 1. On February 17, 2015, the Court ordered applicant to file a

response to respondent's motion on or before February 26, 2015. Docket No. 18. A copy of the Court's order was mailed to applicant, but was returned as undeliverable. Docket No. 19.[1]

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are met: (1) the applicant is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook,* 490 U.S. 488, 490 (1989). Applicant is no longer in custody. As a result, his application for a writ of habeas corpus is moot and the Court lacks subject matter jurisdiction over this case. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." (quotations omitted)).

Wherefore, it is

**ORDERED** that respondent's Motion to Dismiss for Lack of Jurisdiction [Docket No. 17] is **GRANTED**. It is further

**ORDERED** that applicant's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **DENIED** as moot. It is further

---

[1] The Local Rules require unrepresented parties such as applicant to apprise the Court of any change of address. *See* D.C.COLO.LAttyR 5(c) ("Notice of a change of name, mailing address, or telephone number of an attorney or unrepresented party shall be filed no later than five days after the change."). Applicant's failure to follow the Local Rules, failure to respond to the Court's minute order, and failure to respond to respondent's motion to dismiss constitute independent grounds to dismiss this case.

**ORDERED** that this case is **DISMISSED** without prejudice as moot for lack of subject matter jurisdiction.

DATED March 11, 2015.

                                          BY THE COURT:

                                          s/Philip A. Brimmer
                                          PHILIP A. BRIMMER
                                          United States District Judge